## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**GLENN CALVIN DAMOND**                                              **CIVIL ACTION**

**VERSUS**

**JAMES LeBLANC, ET AL.**                                           **NO. 12-0564-JJB-RLB**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 18, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**GLENN CALVIN DAMOND**                                            **CIVIL ACTION**

**VERSUS**

**JAMES LeBLANC, ET AL.**                                          **NO. 12-0564-JJB-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motions to Dismiss, rec.doc.nos. 12 and 27.  These motions are opposed.

The pro se plaintiff, a prisoner currently confined at the East Baton Rouge Parish Prison, Baton Rouge, Louisiana, filed this proceeding seeking relief under 42 U.S.C. § 1983 and state law.[1]  As amended, the plaintiff's Complaint names as defendants Secretary James M. LeBlanc, Warden Steve Rader (of Dixon Correctional Institute, Jackson, Louisiana), Sheryl M. Ranatza (Chairman of the Louisiana Parole Board), and Louisiana parole officers Patricia Murphy and Vernester J. Canty.[2]  The gist of the plaintiff's Complaint is that the defendants have wrongly

---

[1] Although the plaintiff does not explicitly refer to 42 U.S.C. § 1983 in his Complaint, as amended, this statute provides the basis for jurisdiction when a plaintiff asserts the deprivation of his federal "rights privileges, or immunities secured by the Constitution and laws" of the United States.

[2] In his original Complaint, the plaintiff named the Louisiana Division of Probation and Parole, as a defendant herein.  In his Amended Complaint, rec.doc.no. 23, the plaintiff omitted reference to that party as a defendant.  Generally, "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." King v. Dogan, 31 F.3d 344 (5th Cir. 1994).  Accordingly, inasmuch as the plaintiff's amended complaint in this case did not incorporate his earlier pleading, the Court interprets the amended pleading as terminating the Louisiana Division of Probation and Parole, as a defendant in this proceeding.  The Court further notes that this defendant would be subject to dismissal as an improper party in any event inasmuch as the Division of Probation and Parole is a sub-part of the Louisiana Department of

applied La. R.S. 15:571.5 to his 1998 Louisiana criminal conviction so as to make his

subsequent good-time release in connection with that conviction subject to supervisory

conditions "as if on parole".  As a result, when he became eligible for a good-time release in

July, 2011, he was compelled to sign a document imposing supervisory conditions upon his

release.  Thereafter, he was re-arrested in connection with an unrelated offense in June, 2012

(and apparently again in January, 2013), and the Parole Board placed a "hold" on his record

because the re-arrest signaled a possible violation of those conditions.  According to the plaintiff,

this "hold" allegedly caused him to remain confined until September, 2012, and caused him to

lose employment opportunities, to lose an impounded motor vehicle, and to suffer other personal

complications.  In addition, the plaintiff complains that although he was re-released in

September, 2012, the release was again made subject to the "same illegal parole restriction[s]."

He prays for monetary damages and for injunctive relief, compelling the defendants "to release

the plaintiff from any supervision and illegal custody."

  In their Motion to Dismiss filed on January 28, 2013, rec.doc.no. 27, the defendants seek

dismissal, on jurisdictional grounds pursuant to Rule 12(b)(1) of the Federal Rules of Civil

Procedure, of the plaintiff's claim for monetary damages asserted against them in their official

capacities.[3]  In this regard, the defendants are correct that § 1983 does not provide a federal

---

Public Safety and Corrections which, as such, is an agency of the State of Louisiana and is not
subject to suit in federal Court under the Eleventh Amendment to the United States Constitution.
See, e.g., Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312 (5th Cir. 1999); Stokes v.
Culver, 2008 WL 4724306 (E.D. La. Oct. 24, 2008).

  3 Prior to the plaintiff's filing of an Amended Complaint herein, the defendants filed an
initial Motion to Dismiss, rec.doc.no. 12, wherein they asserted defenses which are not reiterated
in their subsequent, more recently filed Motion to Dismiss, rec.doc.no. 27 (such as failure to
properly serve the defendants and failure to exhaust administrative remedies) or are duplicative
of defenses asserted in their subsequent motion.  In light of the Court's recommended disposition
in connection with the defendants' subsequent Motion to Dismiss, rec.doc.no. 27, the Court need

forum for a litigant who seeks the recovery of monetary damages against either a state or its officials acting in their official capacities because these officials are not seen to be "persons" under § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989). Specifically, in Hafer v. Melo, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.  Id. at 25.  Accordingly, the plaintiff's claim for monetary damages asserted against the defendants in their official capacities is subject to dismissal.  In contrast, the plaintiff's claim for monetary damages asserted against the defendants in their individual capacities remains viable because a claim against a state official in his individual capacity, seeking to impose liability for actions taken by the official under color of state law, is not treated as a suit against the state.  Id. at 29.  In addition, the plaintiff's claim for prospective injunctive relief asserted against the defendants in their official capacities is not prohibited under the Eleventh Amendment because such a claim is also not treated as a claim against the state.  Will v. Michigan Department of State Police, supra, at 71. See also 15 Am. Jur. 2d Civil Rights § 101.

Turning next to the plaintiff's claims over which the Court has subject matter jurisdiction, the defendants assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff's Complaint is subject to dismissal for failure "to state a claim upon which relief can be granted."  In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and more recently, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court clarified the standard of

---

not address the defendants' initial Motion to Dismiss and recommends that the initial Motion to Dismiss, rec.doc.no. 12, be denied as moot.

pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6).

Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative

level".  Bell Atlantic Corp. v. Twombly, supra, at 555.  "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'"  Ashcroft v. Iqbal, supra, at 678, quoting Bell Atlantic Corp. v.

Twombly, supra.  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  Id.  It follows that, "where the well-pleaded facts do not permit the court to infer more

than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' –

'that the pleader is entitled to relief.'"  Id. at 679.  "Where a Complaint pleads facts that are

'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and

plausibility of entitlement to relief.'"  Id. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must

accept as true all of the factual allegations contained in the Complaint."  Erickson v. Pardus, 551

U.S. 89, 94 (2007).  Further, "[a] document filed pro se is 'to be liberally construed' ... and 'a

pro se Complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers.'"  Id. (citation omitted).  Notwithstanding, the court need

not accept "a legal conclusion couched as a factual allegation," Papasan v. Allain, 478 U.S. 265,

286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement."

Ashcroft v. Iqbal, supra, at 678 (internal quotation marks omitted).

Applying the foregoing standard to the plaintiff's allegations, this Court initially

determines whether the plaintiff's claims may properly be pursued in a regular civil action under

42 U.S.C. § 1983 or whether he must first bring his claims in a habeas corpus proceeding under

28 U.S.C. § 2241.  This determination is made by focusing on the scope of relief actually sought

by the plaintiff.  Serio v. Members of the Louisiana State Board of Pardons, 821 F.2d 1112, 1117

(5th Cir. 1987).  In Preiser v. Rodriguez, 411 U.S. 475 (1973), the United States Supreme Court

held that a challenge by a prisoner to the fact or duration of his confinement and seeking an

immediate or earlier release from that confinement must be pursued through a habeas corpus

proceeding rather than in an ordinary civil rights action.  Id. at 489.  This rule has been applied

in the context of challenges by inmates to supervisory conditions placed on their good-time

releases and to claimants seeking to mount challenges to such conditions and/or to subsequent

revocations of their releases based upon violations of such conditions.  See Rome v. Morales, 68

F.3d 471 (5th Cir. 1995) (affirming the dismissal of a Texas inmate's challenge to the conditions

placed upon his good-time release and to the subsequent revocation of that release because "[t]he

sole remedy for challenges to the fact or length of incarceration is a habeas corpus proceeding").

See also Edge v. Stalder, 240 F.3d 1074 (5th Cir. 2000), cert. denied, 533 U.S. 918 (2001)

(recognizing that habeas corpus is the "exclusive remedy" available to a Louisiana inmate

seeking to challenge the as-if-on-parole requirements of La. R.S. 15:571.5); Berry v. LeBlanc,

2011 WL 4732799 (M.D. La. Sept. 7, 2011) (dismissing as frivolous an inmate's § 1983 claim

regarding conditions placed upon his good-time release); Boston v. Anderson, 2010 WL

1251646 (W.D. La. Feb. 11, 2010) (interpreting an inmate's claim regarding the revocation of

his good-time release, which revocation resulted from the violation of the conditions placed on

his release, as partly a habeas corpus application subject to dismissal for failure to exhaust state

court remedies and partly a § 1983 claim not ripe for review because of the need to first seek

habeas corpus relief).

      In the instant case, the plaintiff contends that the State of Louisiana has violated his

constitutional rights through the application of La. R.S. 15:571.5 to his confinement, which statute (1) provides that a good-time release shall be "as if ... on parole", (2) authorizes the imposition of conditions upon such good-time release, and (3) authorizes the revocation of such release upon the violation of one or more of the referenced conditions.  The plaintiff complains that his good-time release was wrongly made conditional upon such onerous supervisory conditions, that the statutory requirement that a good-time release be "as if on parole" is unconstitutional, and that the effect of this statute is essentially to extend the length of his sentence by placing him in a form of supervised confinement, pursuant to which the State of Louisiana subjects him to continued supervision and monitoring instead of providing him with an unconditional release from prison upon the expiration of his diminished sentence.  The effect of the plaintiff's claim, however, is to seek a release from such supervised confinement and/or a diminution of his period of future supervised confinement.[4]  Thus, a review of the record leads the Court to conclude that the plaintiff's claim is one challenging the fact or duration of his confinement which must be pursued through habeas corpus channels.  Accordingly, his Complaint, brought as a civil rights action under 42 U.S.C. § 1983, is subject to dismissal for this reason.[5]

---

[4]  This and other courts have interpreted supervised confinement to be "custody" within the meaning of the habeas corpus statues.  See Coronado v. United States Parole Board, 540 F.2d 216 (5th Cir. 1976).  See also Jones v. Cunningham, 371 U.S. 236 (1963).

[5]  The Court declines to construe the plaintiff's Complaint to be an application for federal habeas corpus relief because it appears that the plaintiff has not exhausted state court remedies relative to his claims as mandated by 28 U.S.C. § 2254(b)(1).  The plaintiff does not allege that he has challenged the revocation of his supervised release in the state courts, and this Court's research demonstrates an absence of any decision by the Louisiana Supreme Court with respect to such challenge.  See, e.g., Grant v. Harson, 2012 WL 1190257 (W.D. La. Feb. 9, 2012) (declining to construe § 1983 Complaint as a habeas application where the record was clear that the petitioner had not exhausted state court remedies).

In addition to the foregoing, the plaintiff also seeks monetary relief for the alleged wrongful conduct of the defendants in subjecting him to the alleged wrongful supervisory conditions.  This claim, however, is barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477 (1994).  Pursuant to Heck, a prisoner's claim seeking monetary damages under § 1983 is not cognizable whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  Id. at 487.  Before such a claim may be entertained, the prisoner must show that his sentence has been overturned or called into question in a separate proceeding, e.g., in a habeas corpus proceeding.  Id.  In the present case, a resolution of the plaintiff's claim in his favor, i.e., a determination that he is entitled to an award of monetary damages based upon his alleged wrongful supervised confinement "as if on parole", would necessarily imply that such supervised confinement should be curtailed.  Since he has failed to allege or even suggest that this confinement has been invalidated or called into question by a court in a separate proceeding, the plaintiff's claim falls within the holding of Heck v. Humphrey.  Accordingly, his cause of action under § 1983 for monetary damages attributable to the alleged unconstitutional supervised confinement has not yet accrued.  Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994) ("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post-Heck, because the plaintiff's action has been shown to be legally frivolous").  See also Stephenson v. Reno, 28 F.3d 26 (5th Cir. 1994); Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997).  It is therefore appropriate that the plaintiff's § 1983 claim be dismissed, with prejudice to re-assertion until the conditions set forth in Heck v. Humphrey are satisfied.  See Arvie v. Broussard, 42 F.3d 249 (5th Cir. 1994).[6]

---

6  It appears that the claims made by the plaintiff in this proceeding are without merit in any event.  The constitutionality of La. R.S. 15:571.5 has been challenged on numerous occasions in both state and federal courts and has been upheld as constitutional.  See, e.g.,

Finally, The plaintiff also seeks to invoke the supplemental jurisdiction of this Court over claims arising under state law.  A district court, however, may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had original jurisdiction.  See 28 U.S.C. § 1367.  In the instant case, having concluded that the plaintiff's federal claims should be dismissed, the Court recommends that supplemental jurisdiction over the plaintiff's state law claims be declined.

<u>RECOMMENDATION</u>

It is recommended that the Court decline to exercise supplemental jurisdiction relative to the plaintiff's state law claims and that the defendants' Motion to Dismiss, rec.doc.no. 27, be granted, dismissing the plaintiff's claim for monetary damages against the defendants in their official capacities and dismissing the plaintiff's remaining claims, with prejudice, for failure to state a claim upon which relief may be granted until the conditions set forth in <u>Heck v. Humphrey</u>, <u>supra</u>, are met.  It is further recommended that the defendants' Motion to Dismiss, rec.doc.no. 12, be denied as moot.

Signed in Baton Rouge, Louisiana, on June 18, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE**

---

<u>Manuel v. Stalder</u>, 928 So. 2d 24 (La. App. 1st Cir. 2005); <u>Bernard v. Louisiana Department of Public Safety and Corrections</u>, 843 So. 2d 413 (La. App. 1st Cir. 2002); <u>writ denied</u>, 862 So. 2d 975 (2004); <u>Rochelle v. Louisiana Department of Public Safety & Corrections</u>, 2007 WL 4465793 (La. App. 1st Cir. Dec. 21, 2007); <u>Bailey v. Hubert</u>, 2007 WL 1805065 (E.D. La. June 19, 2007); <u>Howard v. Stalder</u>, 2005 WL 1330299 (W.D. La. May 31, 2005).